IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Stevie Lamont Aiken, a/k/a Stevie Aiken,<br><br>Petitioner,<br><br>v.<br><br>Warden Scott Lewis,<br><br>Respondent. | C/A No. 8:18-2380-JFA<br><br>**ORDER** |

### I. INTRODUCTION

Petitioner Stevie Lamont Aiken, a/k/a Stevie Aiken ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis,* filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition") on August 28, 2018. (ECF Nos. 1, 19). Petitioner is currently confined at Lieber Correctional Institution in Dorchester County, South Carolina. (ECF No. 34 at 2). On November 6, 2018, Respondent Warden Scott Lewis ("Respondent") filed a Motion for Summary Judgment ("Motion"). (ECF No. 15). After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that the Motion (ECF No. 15) be granted and that the Petition (ECF No. 1, 19) be denied. (ECF No. 34). The Report sets forth, in detail, the relevant facts and standards of law on

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 34).

The Report was filed on March 29, 2019 and Petitioner was advised of his right to file objections to the Report by April 12, 2019. (ECF No. 34-1). Petitioner's Objections were filed on April 15, 2019 (ECF No. 36) and the Court accepted his filing pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.[2] Accordingly, the Motion is ripe for review.

## II. LEGAL STANDARD

A district court is required to conduct a de novo review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No.

---

[2] "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

2

6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

### III. DISCUSSION

Petitioner raises two arguments: 1) at a pre-trial suppression hearing, Petitioner's attorney rendered ineffective assistance by failing to put Petitioner on the stand to testify; and 2) the South Carolina Court of Appeals violated clearly established federal law by holding the trial court merely

3

committed harmless error when it prevented Petitioner's trial counsel from cross-examining a co-defendant witness regarding the maximum sentence the co-defendant could have received before cooperating with law enforcement. (ECF No. 34 at 10-11). The Magistrate Judge concludes that both of Petitioner's arguments are unavailing and recommends this Court grant Respondent's Motion. (ECF No. 34 at 18).

### A. Ground 1

In Ground 1, Petitioner argues that had he been allowed to testify at his suppression hearing, he would have testified that law enforcement officers attempted to coerce him to confess to murder and that the written statement of admission that he signed was not actually signed by him. (ECF No. 34 at 15). However, as noted in the Report, Petitioner offers no evidentiary support for this premise other than his own testimony, which the PCR court rejected as not credible. (ECF No. 34 at 15-16). The Report also asserts that in the absence of any further testimony contradicting the State's evidence that Petitioner signed the agreement, there was no basis for the PCR court to conclude that Petitioner's testimony would have been at all helpful to him in the suppression hearing, that counsel was deficient for failing to call him as a witness, or that Petitioner was prejudiced by that decision. (ECF No. 34 at 16).

In his Objection, Petitioner merely reasserts the argument made by his counsel at the suppression hearing that he lacked sufficient mental capacity to knowingly make the written statement, arguing that if Petitioner would have been allowed to testify at the suppression hearing then he would have been able to offer evidence that he did not make the statement in question. (ECF No. 34 at 4-5, 36 at 6). However, Petitioner's Objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As such, Petitioner's Objection is not specific to the Report, and the Court may therefore adopt the

Report without an explanation. *See McMaster*, 663 F. Supp. 2d at 452; *see also Norton*, 2007 WL 821181, at *1. Therefore, the Court accepts the recommendation of the Magistrate Judge and grants Respondent's Motion as to Ground 1.

### B. Ground 2

In Ground 2, Petitioner argues the South Carolina Court of Appeals applied the wrong standard in concluding that any Confrontation Clause error was harmless, and in so doing, reached a decision "'contrary to' clearly established federal law as determined by the United States Supreme Court." (ECF No. 34 at 17). Petitioner asserts the standard the South Carolina Court of Appeals should have applied was that articulated in *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), and *Chapman v. California*, 386 U.S. 18 (1967), but the Court of Appeals "instead chose to rely on State Court cases . . . in an effort to avoid granting relief." (ECF No. 34 at 17).

The Magistrate Judge responds that Petitioner's assertion that the South Carolina Court of Appeals did not apply the harmless error standard articulated in *Van Arsdall* and *Chapman* is simply incorrect. (ECF No. 34 at 17). Indeed, the case the South Carolina Court of Appeals cited for the standard, *State v. Mizzell*, cited *Van Arsdall* as support and also cited other cases, such as *State v. Graham*, which relied on *Van Arsdall*. *See State v. Mizzell*, 563 S.E.2d 315, 318–19 (S.C. 2002); *see also State v. Graham*, 444 S.E.2d 525, 527 (S.C. 1994). Moreover, the South Carolina Court of Appeals made clear in its decision that these are the very principles that the court applied in determining that any Confrontation Clause error in the present case was not reversible. (ECF No. 34 at 18) (citing *State v. Aiken*, No. 2012-UP-632, 2012 WL 10864184 (S.C. Ct. App. Nov. 28, 2012)) ("A violation of the defendant's Sixth Amendment right to confront the witness is not *per se* reversible error if the error was harmless beyond a reasonable doubt."). Therefore, according to the Report, Petitioner has not shown that the South Carolina Court of Appeals' decision was

5

contrary to established Supreme Court precedent, and the Magistrate Judge recommends granting summary judgment on this claim. (ECF No. 34 at 18).

Here, Petitioner's Objection does not include mention of Ground 2. Without specific Objections to the Report, this Court may adopt the Report without explanation. Therefore, the Court adopts the recommendation of the Magistrate Judge to grant Respondent's Motion as to Ground 2.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 34). Therefore, Respondent's Motion (ECF No. 15) is granted and Petitioner's Petition (ECF Nos. 1, 19) is dismissed with prejudice. Finally, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 15, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).